**Dick ABCARIAN, Plaintiff—Appellant,**

**v.**

**Kevin SHELLEY, et al., Defendants— Appellees.**

**No. 03–56519.**

**D.C. No. CV 03–15543 LGB (MANx).**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 30, 2003.*

Decided Oct. 2, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM**

Plaintiff–Appellant Dick Abcarian challenges Appellees' plan to place the names of replacement candidates on the ballot for the October 7, 2003 election whether to recall California Governor Gray Davis. He contends that if the Governor is recalled, the resulting vacancy should be filled not by a replacement candidate but instead by the current Lieutenant Governor. According to Abcarian, disrupting his legitimate expectation in this automatic succession by holding an election for a replacement would violate his federal due process rights.

Abcarian appeals from the district court's denial of his application for a temporary restraining order. The district court determined that Abcarian was unlikely to succeed on the merits of his claim in light of a recent California Supreme Court *en banc* decision interpreting the

operative provisions of the California Constitution as permitting the gubernatorial recall ballots to include the names of successor candidates. *See Frankel v. Shelly,* Case No. S117770, Aug. 7, 2003.

■ By holding that *Frankel* controls, the district court decided the merits of the case in denying the petition for temporary relief. This court has jurisdiction over the appeal because the district court's denial of a temporary restraining order was tantamount to the denial of a preliminary injunction. *See Environmental Def. Fund, Inc. v. Andrus,* 625 F.2d 861, 862 (9th Cir.1980); *Kimball v. Commandant Twelfth Naval Dist.,* 423 F.2d 88, 89 (9th Cir.1970). Therefore, the court denies Appellees' motion to dismiss this appeal for lack of jurisdiction.

■ On the merits, the district court appropriately deferred to the California Supreme Court's interpretation of the California Constitution. *See Bush v. Palm Beach County Canvassing Bd.,* 531 U.S. 70, 76, 121 S.Ct. 471, 148 L.Ed.2d 366 (2000). Abcarian's due process claim cannot succeed after *Frankel.*

Accordingly, the district court's order denying Abcarian's petition for a temporary restraining order is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.